■ MONICA D'AGOSTINO et al., Respondents, v PATRICIA D'AGOSTINO et al., Appellants, and CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, Bronx County, entered May 26, 1977, in favor of the plaintiff and against the defendants Patricia D'Agostino and Rosa Bros., Inc., in the amount of $100,000, unanimously modified, on the law, without costs or disbursements, to order a new trial on liability only as to the

defendants Patricia D'Agostino and New Plumbing & Heating Corporation and as to apportionment among the defendant, Rosa Bros., Inc., and such other defendants as may be found liable, including Rosa Bros., Inc., and otherwise affirmed. The plaintiff, infant daughter of the defendant Patricia D'Agostino, was injured while a passenger in a vehicle operated by her mother when the car struck a mound of dirt some three to four feet high in the middle of the road on Stadium Avenue. The mound of dirt was the result of an excavation by the defendant Rosa Bros., Inc., intended to enable a plumbing contractor, New Plumbing & Heating Corporation, to connect an adjoining house to the city water and sewer lines. We believe that the trial court erred when it directed a verdict against Patricia D'Agostino. The accident occurred at night. The mound of dirt was located in the middle of a thoroughfare where no driver would reasonably anticipate the presence of an obstruction. Under all the circumstances, we do not believe that Mrs. D'Agostino's failure to observe the dirt before the impact in time to avoid the accident established negligence as a matter of law. It was also error to charge the jury that New Plumbing & Heating Corporation, the plumbing contractor, had no obligation to replace the pavement after doing its plumbing work. In effect this charge mandated a verdict in favor of New Plumbing. New Plumbing's application to the City of New York for a permit to do its plumbing work committed it to back fill the excavation and compact it by acceptable methods. The fact that Rosa Bros. was also required by the permit and under its contract to make the excavation site safe did not relieve New Plumbing & Heating Corporation of its responsibility. We do not, therefore, disturb the verdict of liability against Rosa, and involve that defendant only insofar as it must participate in the apportionment, if any, with other defendants that may be found liable. At the same time, we reject appellants' suggestion that the damages fixed by the jury were excessive. Accordingly, the judgment is modified as indicated above. Concur—Kupferman, J. P., Birns, Evans, Fein and Sandler, JJ.